FILED
United States Court of Appeals
Tenth Circuit

February 16, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES ALFRED ARMAJO, JR.,

    Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
STATE OF WYOMING; NEICOLE
MOLDEN, Warden of WSP,

    Respondents - Appellees.

No. 22-8049
(D.C. No. 2:21-CV-00184-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Charles Armajo, Jr., proceeding pro se,[1] seeks a Certificate of Appealability

(COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging

his conviction in Wyoming state court for second-degree sexual abuse of a minor.  We

deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Armajo proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## BACKGROUND

A Wyoming jury convicted Mr. Armajo of sexual abuse of a child in the second degree. The victim, ZL, was his fifteen-year-old stepdaughter. Mr. Armajo is a Native American. The state alleged Mr. Armajo inappropriately touched ZL in October 2018 when he performed a ceremony in connection with ZL's first hunting trip. ZL informed a school counselor the day after the ceremony that Mr. Armajo touched her inappropriately. The school counselor reported this information to law enforcement, which opened an investigation ultimately leading to the criminal proceedings against Mr. Armajo. At trial, the state's evidence included testimony from ZL, her mother, the school counselor, and the investigating officers.

The Wyoming Supreme Court affirmed Mr. Armajo's conviction on direct appeal. *See Armajo v. State*, 478 P.3d 184, 196 (Wyo. 2020). Mr. Armajo pursued state habeas relief before the Wyoming Supreme Court, which denied his petition. He filed his § 2254 petition in the District of Wyoming and amended that petition twice.

In his second amended petition, Mr. Armajo brought four claims: (1) violation of his First Amendment rights to practice his religion (i.e., ceremonial/healing rites), (2) ineffective assistance of counsel (IAC) at trial, (3) IAC on appeal, and (4) denial of his right to exercise his religion under the American Indian Religious Freedom Act (AIRFA), 42 U.S.C. § 1996. The district court concluded a state procedural bar—Wyo. Stat. Ann. § 7-14-103—applied to claims (1), (2), and (4) because Mr. Armajo did not raise them on direct appeal in his state appellate proceedings. The district court

2

further concluded the bar was adequate and independent because it was firmly established and regularly followed.

As to claim (3)—ineffective assistance of state appellate counsel—the court analyzed it both as a freestanding habeas claim and as a potential basis to overcome the state procedural bar to his other three claims. But the court concluded the claim failed because Mr. Armajo did not allege any sufficiently prejudicial errors by counsel. Although Mr. Armajo asserted his state appellate counsel was ineffective for failing to "present four specific errors that should have been raised," R. at 109, he never articulated what those errors were. This foreclosed him from showing that his counsel's performance was constitutionally deficient or that it resulted in prejudice. The court concluded the detailed testimony of ZL and her mother, alone,

> was more than sufficient for a jury to find . . . beyond a reasonable doubt that [Mr. Armajo] was guilty of second-degree sexual abuse of a minor under Wyoming law. This is true regardless of whether his trial counsel failed to raise a *Brady* violation, the privilege against evidence of spousal communications, other allegedly exculpatory evidence from a cell phone that was not made available for trial, and inconsistencies among the testimony and police reports.

R. at 210. The court further rejected any IAC claims in connection with appellate counsel's failure to raise issues related to either the First Amendment or AIRFA. As the court noted, "[s]tate 'laws burdening religion are ordinarily not subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable.'" R. at 211 (quoting *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1876 (2021)). And it explained Mr. Armajo failed to "point to any lack of neutrality, lack of general application, or lack of rational relationship

to a legitimate government interest in protecting children" in Wyoming's statute prohibiting sexual abuse of a child. *Id*. And the court further explained that AIRFA "is simply a policy statement and does not create a cause of action or any judicially enforceable individual rights." R. at 212 (internal quotation marks omitted). Because the First Amendment and AIRFA claims failed as a matter of law, the district court concluded Mr. Armajo's counsel was not ineffective for not raising them on appeal.

The district court therefore denied Mr. Armajo's petition with prejudice and denied a COA.

**DISCUSSION**

To appeal the denial of his § 2254 petition, Mr. Armajo must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Mr. Armajo seeks a COA to raise three issues on appeal. In the first issue, he presses his IAC claim as to state appellate counsel. In the second, he argues the trial court erroneously instructed the jury. In the third, he asserts the district court misapplied AIRFA. No reasonable jurist could debate the district court's resolution of these issues.

As to the first, although Mr. Armajo now appears to articulate the four issues he alleges his appellate counsel missed, he does not show where he did so before the district court. And ordinarily "we do not consider an issue that was not adequately raised in the

4

federal district court." *Goode v. Carpenter*, 922 F.3d 1136, 1149 (10th Cir. 2019). Further, to establish IAC, Mr. Armajo must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  Here though, the district court concluded Mr. Armajo could not make this showing in light of the detailed testimony of ZL and her mother.  Mr. Armajo offers no basis to reject this conclusion. Moreover, Mr. Armajo's representations to the state habeas court indicate his state appellate counsel *did* raise issues related to his motion for acquittal, sufficiency of the evidence, and prosecutorial misconduct.  The Wyoming Supreme Court rejected these arguments, but Mr. Armajo has not demonstrated that rejection was due to ineffectiveness of appellate counsel.  We therefore deny a COA as to this issue.

The second issue for which Mr. Armajo seeks a COA—jury instructions—does not appear to bear any relation to the arguments he raised before the district court.  We therefore do not consider it for the first time on appeal. *See Goode*, 922 F.3d at 1149.  To the extent we could look past the preservation issue and construe this argument as an extension of his IAC claim as to state appellate counsel,[2] it still fails for want of prejudice.  To establish entitlement to habeas relief based on a jury instruction, "it must be established not merely that the instruction is undesirable, erroneous, or even universally condemned, but that it violated some right which was guaranteed to the

---

[2] The district court considered the jury-instructions issue in connection with Mr. Armajo's IAC claim as to state appellate counsel, noting also that Mr. Armajo failed to identify the allegedly erroneous instruction in his second amended petition. *See* R.  at 212–13.

defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973) (internal quotation marks omitted). Mr. Armajo does not even identify the allegedly defective jury instruction, so he falls well short of showing a Fourteenth Amendment violation. We therefore deny a COA as to this issue.

Finally, although Mr. Armajo includes a challenge to the district court's rejection of his AIRFA argument in his listing of issues on appeal, he does not develop this argument in his brief. He has therefore waived it, and we deny a COA as to this issue. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002), *as modified on reh'g*, 319 F.3d 1207 (10th Cir. 2003) ("[I]ssues will be deemed waived if they are not adequately briefed. We do not consider merely including an issue within a list to be adequate briefing." (citation omitted)).

## CONCLUSION

We deny a COA and dismiss this matter. We deny Mr. Armajo's motion to proceed in forma pauperis for failure to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We deny Mr. Armajo's motion for discovery.

Entered for the Court

Joel M. Carson III
Circuit Judge

6